LEROY AND LEONA BUTTKE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13532–78.     Filed July 16, 1979.

*Berentje C. M. Pohlman,* for the petitioners.
*Dale L. Newland,* for the respondent.

## OPINION

FEATHERSTON, *Judge:* This motion for judgment on the pleadings was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended. The Court agrees with and adopts his opinion which is set forth below.[1]

### OPINION OF SPECIAL TRIAL JUDGE

AARONS, *Special Trial Judge:* This matter is before the Court on respondent's motion for judgment on the pleadings. The issue herein is the constitutionality of the minimum tax for tax preferences particularly as it affects 1976 transactions prior to the enactment of the Tax Reform Act of 1976. The motion was argued by counsel for both parties at the May 16, 1979, trial session of this Court at St. Paul, Minn. The Court has given careful consideration to their arguments as well as to the memoranda, filed on behalf of both parties, setting forth their legal positions.

---

[1]Since this is a motion for judgment on the pleadings, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

Petitioners resided in Enderlin, N. Dak., at the time of filing their petition herein.

Respondent determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $11,606.55. The issue presented by the pleadings is a purely legal one. In March 1976, petitioners sold a piece of real estate for cash and reported long-term capital gain thereon in the amount of $174,760. Petitioners failed, on their 1976 return, to treat 50 percent of that gain ($87,380) as subject to the minimum tax.

The minimum tax for tax preferences (originally sections 56, 57, and 58 of the Internal Revenue Code) was first instituted by the Tax Reform Act of 1969, Pub. L. 91–172, 83 Stat. 487. The tax imposed was generally equal to 10 percent of the amount by which the sum of the items of tax preference, as defined in section 57, exceeded $30,000. The Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520, enacted on October 4, 1976, amended the minimum tax provisions, effective under section 301(g) of the act for all "taxable years beginning after December 31, 1975." The new section 56 imposed the minimum tax at the rate of 15 percent of the amount by which the sum of the items of tax preference exceeded the greater of $10,000 or the "regular tax deduction."

Petitioners raise several arguments in their memorandum in opposition to respondent's motion for judgment on the pleadings. They contend that the minimum tax provisions for 1976 were invalid because the Tax Reform Act of 1976 imposed a retroactive tax on them, with harsh and oppressive results. However, it has long been settled that an income tax can be retroactive without violating the Constitution. In *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1 (1916), the Supreme Court determined that an income tax enacted on October 3, 1913, could constitutionally tax income earned during the period from March 1 to December 31, 1913. In so holding, the Court quoted the following language from *Stockdale v. Insurance Co.*, 87 U.S. (20 Wall.) 323, 331 (1873):

> The right of Congress to have imposed this tax by a new statute, although the measure of it was governed by the income of the past year, cannot be doubted; much less can it be doubted that it could impose such a tax on the income of the current year, though part of that year had elapsed when the statute was passed.

In determining whether a retroactive tax violates the due

process clause of the Fifth Amendment, we note the criteria delineated by the Supreme Court in *Welch v. Henry,* 305 U.S. 134, 147 (1938):

In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

Petitioners allege that the capital gain subject to the minimum tax here was a once-in-a-lifetime gain from the sale of a farm, that they are persons of modest means, and that under these circumstances the tax is harsh and oppressive. While we are sympathetic with petitioners' plight, in light of the cases in which retroactive taxes have been upheld, we cannot find the application of this tax "so harsh and oppressive as to transgress the constitutional limitation." For example, in *Welch v. Henry, supra,* the Court upheld the constitutionality of a Wisconsin statute, enacted in 1935, imposing an emergency tax for relief purposes on dividends received from Wisconsin corporations in 1933 (at which time such dividends had been exempt from State income tax). Similarly, a retroactive interest equalization tax of 15 percent of the value of purchases of foreign equity securities by U.S. persons from foreign persons was upheld in *First National Bank in Dallas v. United States,* 190 Ct. Cl. 400, 420 F.2d 725 (1970).

When petitioners made the real estate sale and recognized a capital gain in 1976, the minimum tax had been in effect for over 5 years. Although petitioners may not have been aware of it,[2] the tax was a part of the Internal Revenue Code even in 1975, when, petitioners allege, the contract of sale was negotiated and signed. The changes made by the Tax Reform Act of 1976 merely increased the rate of the tax and reduced the amount of tax preferences which were exempt from it. As the court wrote in *Cohan v. Commissioner,* 39 F.2d 540, 545 (2d Cir. 1930), "Nobody has a vested right in the rate of taxation, which may be retroactively changed at the will of the Congress at least for periods of less than twelve months." In that case, the court went on to say (at p. 545):

---

[2]Petitioners argue that they should be excused from paying the minimum tax because the Internal Revenue Service did not give the public sufficient notice of its enactment—through tax forms and instructions or other means. However, petitioners, just as everyone else, are charged with knowledge of the U.S. Statutes at Large, including the provisions of the Internal Revenue Code.

Such a one [as petitioners herein] may indeed complain that, could he have foreseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities, the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all.

Petitioners here were aware at least that they had to pay income tax and that proceeds from the real estate sale were taxable, and they should have been aware that gain from such sales was subject to the minimum tax.

The only revenue statutes held void for retroactivity by the Supreme Court involved wholly new types of taxes. *Nichols v. Coolidge*, 274 U.S. 531 (1927) (retroactive application of the first estate tax unconstitutional); *Blodgett v. Holden*, 275 U.S. 142 (1927), and *Untermyer v. Anderson*, 276 U.S. 440 (1928) (retroactive application of the first gift tax unconstitutional). In 1976, the minimum tax was not such a "new" tax, upon which courts are likely to find a greater constitutional restraint. See *Sidney v. Commissioner*, 273 F.2d 928 (2d Cir. 1960); and 1 J. Mertens, Law of Federal Income Taxation, sec. 4.14. The taxes in *Welch v. Henry* and *First National Bank in Dallas v. United States, supra,* were "newer" than the 1976 minimum tax, but even those were not constitutionally invalid. We find the application of the minimum tax here no more harsh and oppressive than the result in *Picchione v. Commissioner*, 54 T.C. 1490 (1970), affd. 440 F.2d 170 (1st Cir. 1971), cert. denied 404 U.S. 828 (1971), where treatment of deferred payments from the sale in 1946 of a copyright was changed by the Revenue Act of 1950, ch. 994, 64 Stat. 906. Although proceeds from the sale of a copyright were treated as capital gain prior to that act, the Court applied the definition of capital assets, as amended by the 1950 Act, to payments received after the effective date of the amendment and taxed those payments as ordinary income.

Petitioners contend that Congress was in error in taxing capital gains as a tax preference in 1976, and that this error is evident from Congress' subsequent removal of an individual's capital gain as a tax preference, its creation of the alternative minimum tax, and its effective reduction of the tax rate on capital gains.[3] This contention is without merit. Although

---

[3]See secs. 421 and 402, Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2871 and 2867.

Congress may have reconsidered its position on the issue, it simply did not make these changes effective for 1976.

We reject petitioners' challenges to the minimum tax, and although we agree that it is unfortunate that petitioners' sale was not completed in 1975, we must grant respondent's motion for judgment on the pleadings.[4]

> *An appropriate order and decision will be entered.*

---

[4]On brief, respondent mentions an unpublished memorandum and order in the case *Darusmont v. United States*, Civil No. F–77–192 (Eastern District of California), involving similar circumstances, in which plaintiff's motion for summary judgment was granted. If the identical issue was indeed presented in *Darusmont*, we must, for the reasons set forth above, respectfully disagree with the result reached therein.