ESTATE OF ANTHONY P. KEARNS, DECEASED, MARIE C. KEARNS, EXECUTRIX, AND MARIE C. KEARNS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 137–79.     Filed March 27, 1980.

*William J. Kearns*, for the petitioners.
*Richard J. Sapinski*, for the respondent.

STERRETT, *Judge:* In the statutory notice dated November 1, 1978, respondent determined a deficiency in petitioners' income taxes for calendar year ended December 31, 1976, in the amount of $2,062.11. The only issue presented is whether petitioners are subject to the minimum tax at the rates provided in the Tax Reform Act of 1976 with respect to the gain realized in 1976 on an installment sale of a capital asset occurring in 1972.

## FINDINGS OF FACT

Except for one exhibit, all the facts have been stipulated, and these stipulated facts are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time Marie C. Kearns filed the petition herein, she resided in Basking Ridge, N.J. Anthony P. Kearns died in January 1976, and his wife, Marie C. Kearns, was appointed executrix of his estate.

A joint return was timely filed for the taxable year 1976 with the Internal Revenue Service by Marie C. Kearns on her own behalf and on behalf of her deceased husband. On the 1976 return, there was reported receipt of $48,000 pursuant to a 1972 installment sale. The total gain on the sale was $99,372 of which $47,490 was reportable in 1976 under the installment contract. The $47,490 represented petitioners' "net section 1201 gain" (as defined in sec. 1222(11), I.R.C. 1954) for the year 1976. All payments received by petitioners relative to the installment sale during the year 1976 were received prior to October 4, 1976.

On October 4, 1976, the President signed the Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520. Section 301 of that act reduced the amount of exemption from the section 56 minimum tax to $10,000 or one-half of the regular tax deduction for the taxable year. For individuals, this revision of the minimum tax provisions applied to taxable years beginning after December 31, 1975.

In computing the deficiency here in issue, respondent applied section 56 as amended by the Tax Reform Act of 1976.

## OPINION

Petitioners argue that the retroactive application of section 56, as amended, to the instant case would be so "harsh and oppressive" a result as to be unconstitutional. See *Welch v. Henry,* 305 U.S. 134, 147 (1938). Petitioners further argue that

they are entitled to report the gain under the rates applicable at the time payment was received. Respondent contends that this case is controlled by *Buttke v. Commissioner*, 72 T.C. 677 (1979). We agree with respondent.

In *Buttke v. Commissioner, supra*[1] the Court held that the amendment to section 56 could constitutionally be applied to transactions which were entered into prior to its enactment. *Buttke* involved a sale which was consummated, and gain received in 1976 but prior to October 4, 1976. Petitioners argue that *Buttke* is distinguishable because the entire transaction in the instant case did not occur in 1976.

Compliance with the requirements of section 453 purposefully allows a taxpayer, at his election, effectively to treat each installment payment as a proportionate sale and to report gain in the year he receives payment. Therefore, to distinguish in this situation installment sales from sales completed within a taxable year is without merit and a distinction which we are not prepared to make.

Further, it is well settled that installment payments are subject to taxation under the provisions of the law as are in effect at the time the gain is recognized. *Snell v. Commissioner*, 97 F.2d 891 (5th Cir. 1938). One of the risks a taxpayer takes when he elects installment reporting is that the tax law might change not only as to "tax rate but in any other of its provisions." *Snell v. Commissioner, supra* at 893. In the instant case, the petitioners had recognizable gain in 1976, and that gain is subject to the provision of the tax law in effect for 1976.

The attorney for petitioners, in his oral argument at the time this otherwise fully stipulated case was submitted, put in evidence an agreement dated September 23, 1975, pursuant to which petitioner Marie C. Kearns and her husband sold the mortgage that apparently was part of the original installment sale. Under this agreement, $14,500 was to be paid in 1975, and a note was to be given for $50,000. Apparently, it was this note for $50,000 that was paid off in 1976. While petitioners' legal contention with respect to this 1975 transaction is far from clear, they seem to be arguing that the entire, or at least some unspecified portion, of the $64,500 should be deemed taxable in

---

[1] *Westwick v. Commissioner*, T.C. Memo. 1979–329, also upheld the constitutionality of the retroactive application of the Tax Reform Act of 1976 changes to sec. 56.

1975. If our interpretation of petitioners' position is accurate, and if that position is correct, we would need to know the fair market value of the note on which no evidence was introduced.

This contention must fail for at least two reasons: (1) It was not pleaded, and (2) there is insufficient evidence to establish how the 1975 agreement impacted, if at all, on the payments received in 1976, the only year before the Court.

Applying the reasoning in *Buttke* and cases cited therein, we find that the provision of the Tax Reform Act of 1976 making the amendments to section 56 retroactive to taxable years beginning after December 31, 1975, is not unconstitutional. Accordingly, we find that the installment payment received by petitioners in 1976 is subject to section 56 as amended by the Tax Reform Act of 1976. To reflect the foregoing,

*Decision will be entered for the respondent.*