LLOYD K. SCHOPP and ELIZABETH F. SCHOPP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schopp v. Commissioner
Docket No. 234-79.
United States Tax Court
T.C. Memo 1980-148; 1980 Tax Ct. Memo LEXIS 436; 40 T.C.M. (CCH) 275; T.C.M. (RIA) 80148; April 29, 1980, Filed Lloyd K. Schopp, pro se. Michael N. Gendelman, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $1,863 deficiency in petitioners' 1976 income tax. The sole issue is the constitutionality of the minimum tax for tax preferences as applied to a 1976 transaction which took place before the enactment of the Tax Reform Act of 1976. All of the facts have been stipulated and are found accordingly. Petitioners resided in Danville, California, when they filed their return. On April 21, 1976, petitioners sold certain rental property for $72,142.08. Petitioners' basis in the property at the time of sale was $27,298.78. Petitioners realized $44,843.30 long-term capital gain on the sale which they reported on their joint return. Petitioners deducted 50% *437 of this long-term capital gain, $22,421.65, as a capital gain deduction under section 1202. [1] Petitioners did not report this gain as an item of tax preference under section 57(a)(9)(A), nor did petitioners' return reflect the inclusion of the minimum tax with respect to this item. At the time petitioners sold their rental property they were not under any compulsion to do so. The sole issue presented is whether the amendments to the minimum tax provisions under the Tax Reform Act of 1976, enacted in October 1976, are retroactively applicable to petitioners' sale of their rental property in April 1976. This identical issue was decided for respondent in our recent case of Estate of Lewis v. Commissioner, T.C. Memo. 1980-106 (1980), which followed Buttke v. Commissioner, 72 T.C. 677 (1979), appeal dismissed (6th Cir. Dec. 3, 1979). In Estate of Lewis, as here, the taxpayers attempted to distinguish Buttke by arguing that (unlike Buttke) they would not have been subject to the minimum tax absent the retroactive application *438 of the 1976 amendments. Nonetheless we upheld the constitutionality of the retroactive application of those amendments. For the reasons stated in Estate of Lewis, Decision will be enteredfor the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩