GEORGE C. WITTE, JR. and JO B. WITTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Witte v. Commissioner
Docket No. 5769-79.
United States Tax Court
T.C. Memo 1980-393; 1980 Tax Ct. Memo LEXIS 188; 40 T.C.M. (CCH) 1259; T.C.M. (RIA) 80393; September 17, 1980, Filed *188 Held, the provision of the Tax Reform Act of 1976 making the new base and rate for the application of the minimum tax provisions retroactive to taxable years beginning after Dec. 31, 1975, is not unconstitutional. Buttke v. Commissioner,72 T.C. 677 (1979), affd. per curiam     F. 2d     (8th Cir., July 9, 1980). George C. Witte, Jr., pro se. Gary A. Benford, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This matter is before the Court on the Commissioner's motion for judgment on the pleadings. The issue for decision *189 is whether the provision of the Tax Reform Act of 1976 making the new base and rate for the application of the minimum tax provisions retroactive to taxable years beginning after December 31, 1975, is constitutional. The parties presented oral arguments on the Commissioner's motion and filed briefs in support of their positions. The petitioners, George C. Witte, Jr., and Jo B. Witte, resided in Dallas, Tex., at the time of filing their petition in this case. They filed a Federal income tax return for 1976 with the Internal Revenue Service. In 1976, the petitioners sold common stock in a series of five transactions, the first of which occurred on January 27 and the last of which occurred on February 20, and they reported long-term capital gain of $31,417 on their 1976 income tax return. However, the petitioners treated none of such gain as an item of tax preference subject to the minimum tax imposed by section 56, Internal Revenue Code of 1954. [1] The Commissioner determined a deficiency in income tax in the amount of $856.35 for 1976 based on the petitioners' failure to report and treat such gain as subject to the minimum tax. *190 The minimum tax provisions were first enacted by the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487. The tax was generally equal to 10 percent of the amount by which the sum of the items of tax preference, as defined in section 57, exceeded $30,000. The Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1533, enacted on October 4, 1976, amended the minimum tax provisions, and section 301(g) of such Act made the amendments applicable to all "taxable years beginning after December 31, 1975." The new section 56 increased the rate of the tax to 15 percent and imposed it on the amount by which the sum of the items of tax preference exceeded the greater of $10,000 or the "regular tax deduction." In their petition, the petitioners' sole ground for objecting to the deficiency is that to impose the minimum tax on the sale of their stock in early 1976 was unconstitutional. The Commissioner maintains that we should enter judgment for him based on the pleadings since the only issue raised by the petitioners is a legal one which has already been decided by this Court. The Commissioner's position is well taken. The petitioners contend that the amendments of the minimum tax provisions *191 are invalid as an ex post facto law. However, Article I, section 9, of the U.S. Constitution, prohibiting ex post facto laws, pertains only to laws with respect to criminal punishment. Johannessen v. United States,225 U.S. 227, 242 (1912); Mathes v. Commissioner,63 T.C. 642, 644 (1975). Thus, there is no merit in that contention by the petitioners. The petitioners also contend that the sales of stock at issue in this case were part of a series of 20 sales which commenced in 1975, that only 5 sales took place in 1976, and that those sales were completed by February 20, 1976. They claim that had they known there was going to be a change in the rates, they could have sold all their stock in 1975. Similar circumstances were argued by the petitioners in Buttke v. Commissioner,72 T.C. 677, 679 (1979), affd. per curiam     F. 2d     (8th Cir., July 9, 1980), and such contentions were fully considered by the Court in its opinion in that case. The Court relied on the statements of the Second Circuit in Cohan v. Commissioner,39 F. 2d 540, 545 (1930): Nobody has a vested right in the rate of taxation, which *192 may be retroactively changed at the will of Congress at least for periods of less than twelve months * * * Such a one [as petitioners herein] may indeed complain that, could he have foreseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities, the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all. After carefully eviewing the decisions regarding the constitutionality of retroactive tax statutes, we concluded that amendments made by the Tax Reform Act of 1976 in the minimum tax provisions were not so harsh and oppressive as to violate the due process clause of the Constitution. Our holding in Buttke has been followed and expanded in subsequent opinions of this Court. See, e.g., Parker v. Commissioner,74 T.C. 29 (1980); Estate of Kearns v. Commissioner,73 T.C. 1223 (1980) (sec. 56 as amended applies to contracts entered into prior to 1976 if the payments are received during 1976); and Graff v. Commissioner, 74 T.C.    ( *193 (July 21, 1980) minimum tax on items of tax preference is a constitutional tax on income). Indeed, the courts have routinely upheld changes in the tax law which were much more aggressively retroactive than the changes in the minimum tax provisions made by the Tax Reform Act of 1976. For example, in Welch v. Henry,305 U.S. 134 (1938), the Supreme Court upheld the constitutionality of an emergency tax that was passed by the Wisconsin Legislature in 1935 and that was imposed on dividends received from Wisconsin corporations in 1933. In First National Bank in Dallas v. United States,190 Ct. Cl. 400, 420 F. 2d 725 (1970), the Court of Claims upheld an interest equalization tax of 15 percent retroactively imposed on the value of foreign equity securities purchased by U.S. persons from foreign persons. In Picchione v. Commissioner,440 F. 2d 170 (1971), affg. 54 T.C. 1490 (1970), cert. denied 404 U.S. 828 (1971), the First Circuit held that after 1950, ordinary income tax rates applied to deferred payments received from the sale in 1946 of a copyright even hough before the Revenue Act of 1950, such amounts *194 were treated as capital gain. In support of their position, the petitioners also allude to the fact that in 1978 Congress changed the minimum tax by eliminating capital gains from such tax. Sec. 57 (a). Such amendment was made applicable to taxable years ending after December 31, 1978. Sec. 421(g), Rev. Act of 1978, Pub. L. 95-600, 92 Stat. 2877. Again, a similar argument was considered and rejected in Buttke. The Court stated: "Although Congress may have reconsidered its position on the issue, it simply did not make these changes effective for 1976." 72 T.C. at 680-681. Since the only issue raised by the petitioners has been considered and decided by this Court, their petition presents no ground on which they could prevail. Hence, we will grant the Commissioner's motion for judgment on the pleadings and enter a decision in his favor. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩