DONALD E. AND BARBARA P. KILBOURNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kilbourne v. Commissioner
Docket No. 7016-79.
United States Tax Court
T.C. Memo 1980-562; 1980 Tax Ct. Memo LEXIS 23; 41 T.C.M. (CCH) 578; T.C.M. (RIA) 80562; December 17, 1980
Donald E. Kilbourne and Barbara P. Kilbourne, pro se. Stephen M. Friedberg and Chase Gilbson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*24 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on October 12, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued o petitioners on February 28, 1979, determined a deficiency in their Federal income tax for the taxable calendar year 1976 in the amount of $ 646. [3]
The issue herein is the constitutionality of the minimum tax for tax preferences particularly as it affects 1976 transactions prior to the enactment of the Tax Reform Act of 1976, Pub. Law 94-455, 90 Stat. 1520. Petitioners' address on the date they filed their petition was P.O. Box 154, Weber City, Virginia. They filed a joint 1976 Federal *25 income tax return with the Internal Revenue Service. Petitioners' position, as fully expressed in paragraph four of their petition, is as follows: We, the Petitioners disagree with the liability in the minimum tax for the tax year 1976. This law was passed on October 4, 1976 and I, as a taxpayer was caught because of capital gains prior to the passage of law. If the law had only affected areas of gains after the passage of the bill I will agree that I would have had liability. We, the Petitioners disagree with the legality and constitutionality of the retroactive section 56 of the Internal Revenue Code. The real estate transactions were closed in July and August of 1976. The Section 56 works an undue hardship and disadvantage of the taxpayer who has sold real estate before the passage of the new law by Congress. We think it important and necessary at this juncture to point out the matters which follow. The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency to petitioners on February 28, 1979. On May 29, 1979, petitioners filed their petition, in response to which respondent filed his answer on *26 July 27, 1979. Thereafter, the only substantive documents filed in this record were respondent's pending motion and petitioners' statement in lieu of appearance. The above-quoted statements of paragraph four of the petition constitute all of the allegations in that paragraph. Petitioners, in filing their petition, used a form petition generally used in small tax cases. It contains only four paragraphs, and paragraph four is preceded with the following language, "Set forth those adjustments, i.e., changes, in the notice of deficiency with which you disagree and why you disagree." Respondent, at paragraph four of his answer, in response to petitioners' allegations, asserts "Denies that respondent erred as alleged in paragraph 4 of the petition." Notwithstanding, this record is crystal clear that the parties do not dispute the allegations contained in paragraph four of the petition. Thus, if all the allegations of paragraph four of the petition are taken as true, there is no genuine issue of material fact extant in this record and the issue presented by the pleadings is a purely legal one. This precise matter was addressed at paragraph eight of respondent's motion, a copy of which *27 was served upon petitioners by the Court on October 18, 1979. As we view this record, petitioners' objection to respondent's motion is predicated solely upon their belief that, on the facts they assert, they are entitled to judgment as a matter of law. In these circumstances and for purposes of this case only, we treat respondent's pending motion for summary judgment to constitute, in part, "materials outside the pleadings" and, hence, we find the summary judgment procedure invoked to be proper. See Rule 121(a) and note appertaining thereto at 60 T.C. 1069, 1126-1127. Respondent maintains that the retroactive application of the provisions of the Tax Reform Act of 1976 is constitutionally permissible. We are compelled to agree with respondent. The Tax Reform Act of 1976, enacted on October 4, 1976, amended the minimum tax provisions, effective for "all taxable years beginning after December 31, 1975." Prior to this amendment, the tax imposed was generally equal to ten percent of the amount by which the sum of the items of tax preference exceeded $ 30,000. Subsequent to the amendment, the tax imposed is 15 percent of the amount by which the sum of the items of tax *28 preference exceed the greater of $ 10,000 or the "regular tax deductions". Petitioners' contention that the minimum tax provisions for 1976 were unconstitutional because the Tax Reform Act of 1976 imposed a retroactive tax on them, with harsh and oppressive results, simply has no merit. It has long been settled that an income tax can be retroactive without violating the constitution. Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916). The precise issue we must decide was considered in Buttke v. Commissioner,72 T.C. 677 (1979), affd. 625 F.2d 202 (8th Cir. 1980), where we cited a number of prior Court opinions sustaining the constitutionality of similar statutes. In Buttke, after a considered review of those prior opinions, we concluded that the provision of the Tax Reform Act of 1976, making the new base and rate for the application of the minimum tax provisions retroactive to taxable years beginning after December 31, 1975, is not unconstitutional. We have adhered to that opinion in subsequently decided cases [4] and we do so here. *29 Here the real estate transactions were closed in July and August of 1976. The minimum tax provisions of the Tax Reform Act of 1976, enacted on October 4, 1976, are constitutional. The record is clear that there is no genuine issue as to any material fact. In such circumstances, Rule 121(b) permits this Court to render a decision as a matter of law. Since respondent has demonstrated that he is entitled to prevail as a matter of law, his motion for summary judgment filed on October 12, 1979, will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on December 5, 1979. Petitioners did not appear. However, they did file, on November 20, 1979, a statement in lieu of appearance in which they exhort the Court to protect their interests while advising that "should the Court rule unfavorable on the behalf of the petitioners, * * *, the petitioners wish to exercise their right of appeal to the next level of court."
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. In that notice respondent further determined that petitioners were entitled to an interest deduction in an amount greater than that claimed on their 1976 joint return and that they were entitled to a child care credit which they did not claim on their return. These adjustments are not in dispute.↩
4. See Parker v. Commissioner,74 T.C. 29 (1980); Estate of Kearns v. Commissioner,73 T.C. 1223 (1980); Witte v. Commissioner,T.C. Memo. 1980-393; Estate of Lewis v. Commissioner,T.C. Memo. 1980-106; and Westwick v. Commissioner,T.C. Memo. 1979-329↩ (on appeal, 10th Cir. Nov. 26, 1979).