PAUL R. AND HELENA J. HANSEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hansel v. Commissioner
Docket No. 5377-79
United States Tax Court
T.C. Memo 1981-472; 1981 Tax Ct. Memo LEXIS 268; 42 T.C.M. (CCH) 922; T.C.M. (RIA) 81472; August 31, 1981. John L. Kuehnle, for the petitioners. Christy M. Pendley, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $ 1,684 deficiency in petitioners' 1976 income tax. The issues for decision are: *269 (1) whether certain 1976 amendments to sections 56[1] and 57 (the minimum tax provisions of the Code) [2] can be applied to a capital gain recognized in 1976, but attributable to a 1975 transaction which the taxpayers elected to report under the installment method (section 453(b)), without violating the Due Process Clause of the Fifth Amendment; and (2) whether respondent erred in not allowing petitioners to revoke their election of the installment method by filing amended returns for 1975 and 1976. *270 This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated herein by this reference. Paul R. and Helena J. Hansel, husband and wife, resided in Cedar Rapids, Iowa, when they filed their petition. In November 1975 petitioners sold a farm for $ 120,000. Petitioners received $ 34,800 of the purchase price in 1975 and the balance of $ 85,200 in January 1976. On their joint 1975 income tax return petitioners elected the installment method for reporting the gain from the sale of the farm. Sec. 453(b). Accordingly, petitioners reported a capital gain of $ 42,447.98 (49.82 percent of $ 85,200) in 1976 from the sale of the farm. [3] Petitioners did not treat 50 percent of the capital gain attributable to the farm and recognized on their 1976 return as subject to the minimum tax on tax preference items. The Internal Revenue Service sent to petitioners a Report of Individual Income Tax Examination Changes dated July 19, 1978, in which the Service determined that petitioners *271 were subject to the minimum tax in 1976. On October 30, 1978, petitioners submitted Amended U.S. Individual Income Tax Returns (Forms 1040X) for the years 1975 and 1976 to the revenue agent assigned to audit their 1976 return. In these amended returns they attempted to revoke their section 453(b) election. The agent told petitioners that their election of the installment method of reporting the sale of the farm on their 1975 return could not be revoked. In his notice of deficiency respondent determined that under section 57(a)(9)(A) one-half of petitioners' net capital gain recognized in 1976 and attributable to the sale of the farm is an item of tax preference subject to the minimum tax imposed by section 56. [4]
The first issue is whether the application of the 1976 amendments to the gain recognized in 1976 from the 1975 sale of petitioners' farm violates *272 the Due Process Clause of the Fifth Amendment. This question is answered by Darusmont v. United States,     U.S.     (1981), revg. 46 A.F.T.R. 2d 5805, 80-2 U.S.T.C. P9671 (E.D. Cal. 1980), where the Supreme Court held that the 1976 amendments could be applied to a transaction that had taken place during 1976, but prior to the enactment of the amendments, without violating the Due Process Clause of the Fifth Amendment. In Estate of Kearns v. Commissioner, 73 T.C. 1223 (1980), this Court faced a very similar set of facts. There we stated (at 1225): One of the risks a taxpayer takes when he elects installment reporting is that the tax law might change not only as to "tax rate but in any other of its provisions." Snell v. Commissioner, supra [97 F. 2d 891 (5th Cir. 1938)] at 893. In Estate of Kearns we specifically held that the application of the 1976 amendments to the 1976 proceeds from a 1972 installment sale was not unconstitutional. Based on Darusmont[5] and Estate of Kearns, we hold that the application of the 1976 amendments to the January 1976 payment received by petitioners for the sale of their farm does *273 not violate the Due Process Clause of the Fifth Amendment. The second issue is whether respondent erred in not considering petitioners' amended returns for 1975 and 1976 in which they *274 tried to revoke their election to use the installment method. Petitioners contend that the government's refusal to allow the taxpayers to revoke their election violates the Due Process Clause of the Fifth Amendment. Petitioners' contention is without merit. Petitioners have not cited any support for their contention and we are unaware of any constitutional provision, including the Due Process Clause of the Fifth Amendment, which guarantees to petitioners the right to file amended income tax returns or to revoke a proper election to treat a sale under the installment method. In fact, the limited case law in this area points to a conclusion that an election to have a sale of realty taxed under the installment method may not be revoked. Pomeroy v. Commissioner, 54 T.C. 1716 (1970). Moreover, it is becoming well accepted law that, in the absence of special circumstances, [6] a taxpayer who elects an appropriate method of reporting may not later revoke that election and substitute another method--albeit another correct method. Pacific National Co. v. Welch, 304 U.S. 191 (1938). In Pacific National Co. the Supreme Court stated (at 194-195): *275 Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns * * *. There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be made, to have his tax liability computed and settled according to the other method. By reporting income from the sales in question according to the deferred payment method, petitioner made an election that is binding upon it and the commissioner. [Footnote omitted.] In Pomeroy v. Commissioner, supra, this Court applied the above language from Pacific National Co. to the situation of a taxpayer who properly elected to treat the sale of real property under the installment method but who subsequently sought to revoke that election. We held that once a taxpayer makes a proper election to use the installment method he cannot later change his position. 54 T.C. at 1724. Petitioners in the present case present us with no *276 compelling reason to alter our position. Accordingly, petitioners may not revoke their election to use the installment method by filing amended returns. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue unless otherwise indicated. ↩
2. For purposes of this opinion the phrase "1976 amendments" refers to certain changes to sections 56 and 57 of the Internal Revenue Code↩ which were enacted as part of section 301 of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520. The specific changes referred to had the effect of increasing the rate of the minimum tax from 10 percent of the amount by which a taxpayer's items of tax preference exceed the sum of a $ 30,000 exemption plus the taxpayer's regular income tax liability to 15 percent of the amount by which a taxpayer's items of tax preference exceed the greater of $ 10,000 or one-half of the taxpayer's regular income tax liability (with certain adjustments).
3. Apparently petitioners held the farm for a period of at least 6 months prior to its sale in November 1975.↩
4. Petitioners would not be subject to any minimum tax as a result of the capital gain recognized in 1976 under sections 56 and 57↩ as they read prior to the enactment of the Tax Reform Act of 1976 since the sum of the items of tax preference were not in excess of $ 30,000 plus the petitioners' regular income tax liability.
5. In Darusmont the Supreme Court found that the 1976 amendments adjusted the existing rate of the minimum tax and did not create a new tax. The Court also cited approvingly the following language from Cohan v. Commissioner, 39 F. 2d 540, 545 (2d Cir. 1930): Nobody has a vested right in the rate of taxation, which may be retroactively changed at the will of Congress at least for periods of less than twelve months; Congress has done so from the outset. * * * The injustice is no greater than if a man chance to make a profitable sale in the months before the general rates are retroactively changed. Such a one may indeed complain that, could he have foreseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities, the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all.↩
6. For an explanation of those special circumstances, none of which apply in the present case, see Minchew v. Commissioner, T.C. Memo. 1980-230↩ (1980).