ROBERT G. COOK AND GLENYS J. COOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cook v. Commissioner
Docket No. 1803-80.
United States Tax Court
T.C. Memo 1981-488; 1981 Tax Ct. Memo LEXIS 257; 42 T.C.M. (CCH) 1008; T.C.M. (RIA) 81488; September 3, 1981. *257 Held, respondent properly determined that petitioners were liable for the minimum tax under section 56(a), I.R.C. 1954, as amended by the Tax Reform Act of 1976, Pub.L. 94-455, 90 Stat. 1520. United States v. Darusmont, 449 U.S. 292 (1981), followed. Robert G. Cook and Glenys J. Cook, pro se. Sue A. Nelson, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated November 16, 1979 respondent determined a deficiency of $ 9,785 in petitioners' Federal income tax for their taxable year ended December 31, 1976. After concessions, the sole issue for decision is whether respondent properly imposed the minimum tax under section 56(a), I.R.C. 1954, on the entire amount of petitioners' 1976 tax preference items, as determined under section 57(a)(9). The facts in this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners Robert G. Cook and Glenys J. Cook, husband and wife, resided in Minnesota at the time the petition in this case was filed. They filed a joint Federal income tax return *259 on the cash method of accounting for the taxable year ended December 31, 1976. In 1973 petitioners sold their farm, located in Empire Township, Dakota County, Minnesota (hereinafter Empire Farm) on a contract-for-deed basis. Petitioners reported their gain from the sale under the installment method of accounting prescribed in section 453. Sometime later in 1973, petitioners reinvested in another farm located in West Concord, Minnesota (hereinafter West Concord Farm). In July 1976 petitioners sold their West Concord Farm and again accounted for the gain on that sale under the installment method. Also in 1976 petitioners recognized the remaining portion of the gain on the sale of their Empire Farm. Primarily as a consequence of these transactions, petitioners in 1976 recognized a long-term capital gain of $ 155,709 and were allowed a section 1202 net capital gain deduction of $ 77,855. Respondent, in his notice of deficiency, determined that petitioners were liable for the minimum tax on tax preference items totaling $ 77,855; that is, their net capital gain deduction. We must decide whether respondent properly determined that petitioners were liable for the minimum tax *260 on the entire amount of their items of tax preference. Petitioners and respondent both agree that the amount of petitioners' tax preference items described in section 57 totals $ 77,855. The controversy in this case centers on whether the 1976 amendments to the minimum tax provisions should apply retroactively to transactions occurring prior to October 4, 1976. To be precise, the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, was signed into law on October 4, 1976. Section 301 of the Act amended section 56(a) of the Internal Revenue Code by raising the minimum tax rate from 10 percent to 15 percent and by reducing the tax exemption thereunder from $ 30,000 to $ 10,000. Section 301(g)(1) of the Act made the amendments to section 56 effective for all taxable years beginning after December 31, 1975. Since the amendments to section 56(a) were effective for the 1976 taxable year, respondent computed petitioners' 1976 minimum tax liability in accordance with section 56(a), as amended by the Act. Petitioners contend that it is "discriminatory and unfair" to apply retroactively the aforementioned amendments to transactions completed prior to October 4, 1976, the *261 date that the President signed the Tax Reform Act of 1976. The Supreme Court recently faced this issue in United States v. Darusmont, 449 U.S. 292 (1981). In a per curiam opinion the Court rejected that taxpayer's constitutional challenge to the retroactive application of the section 56(a) amendments. [1] While petitioners' dismay is understandable, we hold that Darusmont controls our decision in this case both with respect to the gain reported in 1976 from the 1973 sale as well as the gain from the sale made in early 1976. In a footnote to its discussion, the Supreme Court cited our decision in Estate of Kearns v. Commissioner, 73 T.C. 1223 (1980) with apparent approval. In that case we addressed the identical issue at hand in the following language: [I]t is well settled that installment payments are subject to taxation under the provisions of the law as are in effect at the time the gain is recognized. Snell v. Commissioner, 97 F.2d 891 (5th Cir. 1938). *262 One of the risks a taxpayer takes when he elects installment reporting is that the tax law might change not only as to "tax rate but in any other of its provisions." Snell v. Commissioner, supra at 893. * * * [73 T.C. at 1225. Emphasis added.] To summarize, the petitioners had recognizable gain in 1976 on the two subject installment sales and that gain is subject to the provisions of the tax law in effect for 1976. The provision of the Tax Reform Act of 1976 making the amendments to section 56 retroactive to taxable years beginning after December 31, 1975 is not unconstitutional. United States v. Darusmont, supra.Therefore, we hold that respondent properly computed petitioners' minimum tax liability based upon section 56(a), as amended by the Act. [2]
Based on the foregoing, Decision will be entered for the respondent. Footnotes
1. See also Sullivan v. Commissioner, 76 T.C.     (June 30, 1981); Buttke v. Commissioner, 72 T.C. 677, 681 (1979), affd. 625 F.2d 202↩ (8th Cir. 1980).
2. See also Hansel v. Commissioner, T.C. Memo. 1981-472↩.