962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George H. BAKER, Sr. and Bessie J. Baker, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-2822.
 United States Court of Appeals, Seventh Circuit.
 Argued April 13, 1992.
Decided May 18, 1992.
 
 Before CUDAHY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a Tax Court judgment finding George and Bessie Baker liable for a deficiency and for additions to tax due to negligence. The facts are not disputed. In 1967, George Baker ("Baker") received U.S. and Canadian patents for a drapery support and accessory system he had designed. In 1971, Baker assigned his interest in the patents to the Baker Drapery Corporation for $1 million, which was to be paid in installments. The last of the installment payments, representing $337,569, was received by the Bakers in 1984. They reported that amount as long-term capital gain on their 1984 joint tax return, claiming a net capital gain deduction of $193,628. The Bakers did not, however, compute or pay any alternative minimum tax for 1984.
 
 
 2
 In 1988, the Commissioner sent the Bakers a notice of deficiency. The Commissioner had determined that the Bakers' 1984 capital gain deduction was an item of tax preference and that they were therefore subject to the alternative minimum tax for 1984 in the amount of $39,816.[1] The alternative minimum tax provisions in effect for 1984 were enacted as part of the Revenue Act of 1978.
 
 
 3
 Congress originally adopted the alternative minimum tax "to remedy general taxpayer distrust of the system growing from large numbers of taxpayers with large incomes who were yet paying no taxes." Okin v. Commissioner, 808 F.2d 1338, 1342 (9th Cir.), appeal dismissed and cert. denied, 484 U.S. 802 (1987). In general, the alternative minimum tax is the amount by which the tentative tax computed under minimum tax rules exceeds the taxpayer's regular income tax. There is no need here to detail how the alternative minimum tax is computed; the Bakers do not challenge the Commissioner's computation under the 1984 alternative minimum tax. They argue instead that the 1984 minimum tax does not apply to their receipt of the final installment of the patent assignment.[2]
 
 
 4
 The Bakers argue that the law in effect in 1971 is embodied in the 1971 agreement assigning Baker's patents, so the installment payment received in 1984 (pursuant to that agreement) cannot be governed by a tax law enacted in 1978. The Bakers are incorrect. It is well settled that installment payments are subject to taxation according to the provisions of the law in effect at the time the installment is received. Picchione v. Commissioner, 440 F.2d 170, 172 (1st Cir.), cert. denied, 404 U.S. 828 (1971); Snell v. Commissioner, 97 F.2d 891 (5th Cir.1938); Estate of Kearns v. Commissioner, 73 T.C. 1223, 1225 (1980); Perry v. Commissioner, 59 T.C.M. (P-H), p 90,228 (1990). When a taxpayer decides, as Baker did in 1971, to defer the realization of gain by using the installment method, the taxpayer assumes the risk that the tax rate (and other provisions) might change. Snell, 97 F.2d at 893. Moreover, the result in the present case is precisely what Congress envisioned in enacting the new minimum tax of section 55. The Senate Finance Committee's report indicates that the new minimum tax provisions are to be effective for taxable years beginning after 1978 and that payments received after that year are subject to the new tax, even if such payments relate to installment sales that were consummated earlier. The report reads:
 
 
 5
 In general, the provision is effective for taxable years beginning after 1978.... Thus, fiscal year taxpayers are to first be subject to the new minimum tax for their taxable year beginning in 1979.
 
 
 6
 However, the provisions changing the effective date for the preferences for capital gains (to 70 percent of net capital gain) for purposes of the present law minimum tax is to apply for all sales or exchanges taking place after October 31, 1978.
 
 
 7
 For purposes of both effective dates payments received after the effective date with respect to pre-effective date installment sales are to be taxed under the new provisions applicable generally to sales made after the effective date.
 
 
 8
 S.Rep. No. 1263, 95th Cong., 2d Sess. at 207 (1978), reprinted in 1978-3 C.B. (Vol. 1) 505 (emphasis added).
 
 
 9
 The Bakers suggest that the "retroactive" application of section 55 in this case is so harsh as to constitute a violation of due process. But there is nothing retroactive about taxing income received in 1984 under the law then in effect. Further, even if we found the taxation here retroactive in some sense, it would not be so oppressive as to violate due process. See United States v. Darusmont, 449 U.S. 292 (1981); Welch v. Henry, 305 U.S. 134, 147 (1938). As the First Circuit explained in Picchione:
 
 
 10
 Taxpayer has no constitutional right to have all income flowing from his 1946 sale of the copyright taxed under the revenue laws in effect at that time regardless of when the income is received. Tax liability is not a contract. Nor has the government ever represented that future years would not bring changes in the tax laws. Such changes are as inevitable as taxation itself.
 
 
 11
 440 F.2d at 173 (citation omitted).
 
 
 12
 Finally, the Bakers refer to Congress's constitutional power to establish patent rights, apparently arguing that the fruits of those rights cannot be denied by taxation such as that imposed here. Even if Baker has a strong right to his patents, it does not entitle him to any particular tax treatment of a valid assignment of that right. The Bakers cannot seriously argue that the 1984 payment of $337,569 was not income received in that year. And under the Sixteenth Amendment to the Constitution Congress certainly has the power to tax that income. Any doubts about how Congress wished to tax installment sales are resolved by its acquiescence in the cases' consistent approach and by the applicable legislative history.
 
 
 13
 For the foregoing reasons, the judgment of the Tax Court is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Commissioner concedes that it initially miscalculated the deficiency, which is actually $39,609 rather than $39,816
 
 
 [2]
 Under the internal revenue provisions in effect for 1984, the Bakers' net capital gain deduction (as defined in 26 U.S.C. §§ 1202(a) & 1222) constituted a tax preference item. 26 U.S.C. 57(a)(9)(A). As a preference item, this amount had to be added to the taxpayers' adjusted gross income in computing the alternative minimum tax under 26 U.S.C. 55(b). The Bakers' net capital gain deduction of $193,628, had it been properly added, would have yielded alternative minimum tax liability of $39,609