DONALD H. MATHES AND PATRICIA MARIE MATHES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6504-73.     Filed March 17, 1975.

Donald H. Mathes and Patricia Marie Mathes, pro se.
*William T. Overton,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency of $112.18 in petitioners' Federal income tax for 1970. The only issue remaining for our decision is whether the surcharge imposed under section 51(a)(1)(A)[1] is constitutional or must be regarded as an invalid ex post facto law because it had retroactive effect.

The facts of this case are fully stipulated. We adopt them as our findings. The relevant facts are summarized below.

Petitioners' legal residence on the date the petition was filed herein was Dallas, Tex. They filed their joint Federal income tax return for 1970 with the Internal Revenue Service Center at Austin, Tex., in which they denied liability for the amount of the income tax surcharge authorized by section 51 of the Code.

Petitioners contend that section 51 is invalid as an ex post facto law within the prohibition of article I, section 9, of the Constitution of the United States. In addition, they claimed an estimated tax credit of $318.71 representing the amount of income tax surcharge they paid in their taxable years 1968 and 1969. Respondent determined that petitioners were liable for a surcharge in 1970 of $34. Respondent also determined that the credit claimed in the amount of $318.71 was not allowable since petitioners made no estimated tax payments on their 1970 Federal income tax liability, nor did they make any overpayment on their 1969 Federal income tax liability which could be applied as a credit on their 1970 Federal tax liability.

Section 51(a)(1)(A) was added to the Internal Revenue Code by section 102(a) of the Revenue and Expenditure Control Act of 1968, Pub. L. 90-364, approved June 28, 1968. This amendment was made applicable, insofar as it related to individuals, to taxable years ending after March 31, 1968, and beginning before July 1, 1969. The surcharge tables for the calendar year 1970 were added to section 51(a)(1)(A) of the Internal Revenue Code by section 701(a)(1) of the Tax Reform Act of 1969, Pub. L. 91-172, approved December 30, 1969.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Petitioners argue that the law imposing section 51(a)(1)(A) is an ex post facto law within the meaning of article I, section 9, of the Constitution and that the extension of such an invalid law through June 30, 1970, is also unconstitutional and invalid.

Our opinion in *Roy R. Brown*, T.C. Memo. 1972-73, dealt with the identical issue presented here. Citing to *Johannessen v. United States*, 225 U.S. 227, 242 (1912), we there noted that the prohibition of article I, section 9, of the Constitution against ex post facto laws is confined in operation solely to laws respecting criminal punishment, and has no application to retrospective legislation of any other description. Thus, the tax surcharge in issue, as enacted in 1968 and extended by amendment to June 30, 1970, is not an ex post facto law. Finally, it is a settled constitutional rule that Congress may provide for the retroactive income tax legislation which it enacts. See *David O. Rose*, 55 T.C. 28, 31 (1970), and the cases cited therein.

Accordingly, we hold that the tax surcharge imposed by section 51(a)(1)(A) in 1968 and extended in effect until June 30, 1970, is constitutional.

*Decision will be entered for the respondent.*