DAVID L. ALLINSON and KATHLEEN B. ALLINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allinson v. Commissioner
Docket No. 6323-76.
United States Tax Court
T.C. Memo 1979-405; 1979 Tax Ct. Memo LEXIS 125; 39 T.C.M. (CCH) 268; T.C.M. (RIA) 79405; September 25, 1979, Filed David L. Allinson and Kathleen B. Allinson, pro se. Marc A. Feller, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $144.49 in petitioners' self-employment tax for 1974. Petitioners David L. Allinson and Kathleen B. Allinson filed a joint individual income tax return for the year 1974. They were residents of Westmont, N.J., at the time they filed the petition in this case. Petitioners appeared at the call of the calendar at which this case was calendared for trial and the Court conducted a pretrial conference, the substance of which is set forth in the record herein. When the case was called for trial, they did not appear. They did, however, communicate with the Court by telephone and requested that the Court state on *127 the record, on their behalf (which it did), that they objected to respondent's determination solely on legal grounds and that, if the Court should decide the legal issues raised in their petition and brief in favor of respondent, they conceded that the amount of the deficiency as determined by respondent and the factual basis on which it rests are correct. We have considered all the objections raised by petitioners and we find them to be without merit. First, petitioners argue that petitioner David L. Allinson (hereinafter Reverend Allinson) was not self-employed but, rather, received the amount which respondent has determined is subject to the self-employment tax from his employment as an ordained minister by the Maranatha Baptist Church. Section 1401 [1] imposes a tax on the self-employment income of every individual. Section 1402(c) provides that net earnings from self-employment do not include income derived from the performance of services by an individual as an employee, with the exception of, inter alia, the performance of services by a duly ordained minister of a church in the exercise of his ministry. Thus, although a minister is an employee of a church for the purposes *128 of section 1401, his earnings are treated as income from self-employment. Sections 1402(c)(2)(D) and (c)(4); sections 1.1402(c)-3(a) and (e) and 1.1402(c)-5(a), Income Tax Regs.
Petitioners further object that the amount in question was received as reimbursement for pastoral expenses, was not properly reportable as income, and should, therefore, not be subject to self-employment tax. Even if such reimbursed expenses are considered as a rental allowance [2] received by a minister for purposes of the exclusion from gross income under section 107, they would still be subject to the tax on self-employment income. Section 1402(a)(8) specifically provides that an individual who is a duly ordained minister shall compute his net earnings without regard to section 107. *129 Petitioners' next contention is that Reverend Allinson is opposed to the self-employment tax and the Social Security system on religious grounds and that to compel his participation in that system by subjecting him to the self-employment tax is a violation of the First Amendment to the United States Constitution, which provides that Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. This Court has previously considered and rejected the argument that the self-employment tax conflicts with the free exercise or establishment clauses of the First Amendment. Henson v. Commissioner,66 T.C. 835 (1976); Palmer v. Commissioner,52 T.C. 310 (1969). [3]
Petitioners further contend that, at the time of Reverend Allinson's ordination, a minister was excluded from coverage of the self-employment tax unless he elected coverage, that Reverend Allinson did not so elect, and that when the law *130 was subsequently changed to require a minister to file an application for exemption from the self-employment tax, Reverend Allinson was given no opportunity to elect exemption.Therefore, petitioners conclude, the self-employment tax as applied to Reverend Allinson is an ex post facto law in violation of Article I, section 9, of the Constitution. This contention simply has no basis in fact. It is true, as petitioners assert, that prior to 1968 [4] a minister was excluded from Social Security coverage and exempt from the self-employment tax unless he filed an application to be covered and made subject to the tax. See sections 1.1402(e)-1A and 1.1402(e)(1)-1, Income Tax Regs. The law changed by the Social Security Amendments of 1967, Pub. L. 90-248, 81 Stat. 821, 839, to make a minister subject to self-employment tax unless he files an application for exemption within the prescribed time limit. Section 1402(e). However, section 1402(e) applies prospectively only and allows an individual who wishes to file an application for exemption to do so on or before the later of the due date of the return for the second taxable year for which he has net earnings of $400 or more, any part *131 of which was derived from the exercise of his ministry, or the due date of the return for his second taxable year ending after 1967. Section 1402(e)(2). Reverend Allinson could have filed an application in accordance with section 1402(e) at any time on or before April 15, 1970, [5] so in no sense can section 1402(e), as applied to Reverend Allinson, be considered retroactive legislation. [6]
*132 Petitioners argue that Reverend Allinson should now be allowed to file an application for exemption from the self-employment tax, although they are aware that the time period for such a filing has elapsed. It is clear, however, from the statute itself and the regulations, that the time limitations imposed by section 1402(e)(2) are mandatory and must be strictly complied with. Section 1.1402(e)(2)-1, Income Tax Regs.[7]
Petitioners further question respondent's legal authority for asserting a deficiency in self-employment tax and dispute the requirement that they contribute to the Social Security system, which they regard as financially unsound. Respondent's authority for asserting the deficiency herein rests on section 1401(a), which imposes the self-employment tax, and section 1.1401-1(a), Income Tax Regs., which states that the self-employment tax shall be levied, assessed, and collected as part of the income tax. The viability of the Social Security system is an issue for Congress' consideration and is not a proper question for *133 this Court to consider in carrying out the legislative mandate. [8]
Petitioners also assert that they were the victims of selective discrimination by respondent because Reverend Allinson is a clergyman. As the Court stated when this case was called from the trial calendar, petitioners' asserted indications of such discrimination were not, without more, sufficient to warrant a hearing on the issue. See United States v. Brown,591 F.2d 307 (5th Cir. 1979). By not appearing at the trial, petitioners have seen fit not to pursue the matter further. Thus, even if we were of a mind to examine the motives underlying respondent's determination (an unlikely possibility, Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974)), there are no facts in the record to support petitioners' assertion. Finally, petitioners are not entitled to a jury trial in this Court and the denial thereof does not violate the Seventh Amendment. Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3d Cir. 1977); Swanson v. Commissioner,65 T.C. 1180 (1976). *134 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect in the taxable year at issue.↩
2. The fact that the amounts in question were received by Reverend Allinson as pastoral expenses, and, in particular, as a rental allowance, does not appear in the record. Prior to the date of trial, respondent prepared a proposed stipulation of facts, which petitioners did not sign, and, as stated above, petitioners did not appear at trial. The burden of introducing facts necessary to support their claims was, of course, on the petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.↩ However, since petitioners have conceded the correctness of the factual basis of respondent's determination, we have drawn, where necessary, on the facts set forth in respondent's brief in order to provide petitioners with an explanation of the application of the self-employment tax to them rather than peremptorily rejecting their arguments as having no basis in the record. Respondent's brief indicates that Reverend Allinson received $3,120 from the Maranatha Baptist Church in 1974, of which $1,829 represented a rental allowance and $1,291 was received for other pastoral expenses. Respondent determined that only the $1,829 rental allowance was subject to self-employment tax.
3. Accord, Stewart v. Commissioner,T.C. Memo. 1979-287; Lerner v. Commissioner,T.C. Memo. 1975-60, affd. in an unpublished order 527 F.2d 645↩ (3d Cir. 1976).
4. Reverend Allinson apparently graduated from Bob Jones University, Greenville, S.C., in June of 1963, with a bachelor's degree in Bible Studies, and was ordained into the ministry in 1964. See footnote 2, supra.↩
5. Respondent's brief indicates that respondent determined that petitioner earned income of $400 or more, which was not reimbursement for expenses, from the exercise of the ministry in each of the taxable years 1968 and 1969 and that the due date of petitioners' tax returns for each year has been April 15 of the following year. See footnote 2, supra.↩
6. In any case, the prohibition of Article I, section 9, of the Constitution against ex post facto laws pertains only to laws with respect to criminal punishment ( Jahannessen v. United States,225 U.S. 227, 242 (1912); Mathes v. Commissioner,63 T.C. 642, 644 (1975)) and Congress may, within quite broad limits, provide for the retroactive operation of income tax legislation which it enacts. Mathes v. Commissioner, supra;Rose v. Commissioner,55 T.C. 28, 31↩ (1970), and cases cited therein.
7. See McLanahan v. Commissioner,T.C. Memo. 1979-373. See also, Owens v. Commissioner,T.C. Memo. 1977-233↩.
8. See Pool v. Commissioner,T.C. Memo. 1977-131↩.