**LeRoy and Leona BUTTKE, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 79-1885.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1980.

Decided July 9, 1980.

Berentje C. M. Pohlman, Enderlin, N. D., for appellants.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paup and Karl P. Fryzel, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before LAY, Chief Judge, ROSS, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

LeRoy and Leona Buttke, (taxpayers), appeal a tax court decision upholding the retroactive application of title III of the Tax Reform Act of 1976, Pub.L.No. 94–455, 90 Stat. 1549 (1976) (the Act), and the deficiency in taxpayers' 1976 income taxes assessed by the Commissioner of the Internal Revenue Service, (the Commissioner), in the amount of $11,606.55. We affirm.

In title III of the Act, Congress amended the minimum tax for preferential items, 26 U.S.C. §§ 56–58, by increasing the rate of taxation from ten to fifteen per cent, and reducing the amount of exempted preference items from $30,000.00 or the deduction for regular taxes, to $10,000.00, or one-half of regular tax liability. *See* Tax Reform Act of 1976, Pub.L.No. 94–455, § 301(a), 90 Stat. 1549 (codified at 26 U.S.C. § 56(a) (Supp.1980)). The Act was enacted in October, 1976, but was made effective for all tax years after December 31, 1975. *See* Tax Reform Act of 1976, Pub.L.No. 94–455, § 301(g), 90 Stat. 1553 (1976), *as amended by* Act of Oct. 20, 1976, Pub.L.No. 94–568, § 3, 90 Stat. 2697 (1976).

Taxpayers sold real estate for cash in March of 1976. They reported it as a capital gain on their 1976 income tax return, but failed to treat the gain as subject to the minimum tax for preferences. The Commissioner calculated a deficiency according to 26 U.S.C. § 56, as amended by the Act. Taxpayers filed for a redetermination in

---

* Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation.

the tax court. They contended the retroactive application of the Act was discriminatory, harsh and oppressive because theirs was a "once-in-a-lifetime" transaction by persons of modest means.

The tax court held that taxpayers should have anticipated the imposition of a minimum tax because it was in existence at the time they allegedly contracted to sell the real estate. Thus, the retroactive increase was not so harsh or discriminatory as to violate the Constitution. *See Welch v. Henry*, 305 U.S. 134, 147, 59 S.Ct. 121, 125, 83 L.Ed. 87 (1938); *cf. Untermyer v. Anderson*, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928) (retroactive application of wholly new tax invalid).

We have reviewed the briefs and applicable law, and find there was no error committed by the tax court. We affirm on the basis of its well-reasoned opinion, *Buttke v. Commissioner*, 72 T.C. 677 (1979). *See* 8th Cir. R. 14.[1]

ORDER AFFIRMED.

---

1. The tax court recently reaffirmed the *Buttke* decision in *Estate of Kearns v. Commissioner*, 73 T.C. No. 96 (March 27, 1980).