ANTHONY McILVAIN OSTHEIMER and MARY PARKE OSTHEIMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ostheimer v. Commissioner
Docket No. 6389-79.
United States Tax Court
T.C. Memo 1981-636; 1981 Tax Ct. Memo LEXIS 104; 42 T.C.M. (CCH) 1582; T.C.M. (RIA) 81636; October 29, 1981. Anthony McIlvain Ostheimer, pro se. Richard W. Kennedy, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code. [1] The Court agrees with and adopts his opinion, which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings pursuant to Rule 120, Tax *106 Court Rules of Practice and Procedure. The motion was presented at a hearing held on May 5, 1980, in Helena, Montana. Respondent determined a deficiency of $ 977.81 in petitioners' Federal income tax for 1976, based on his conclusion that, for that year, petitioners were liable for minimum tax under section 56. The only issue for decision is whether the retroactive application of certain amendments to the minimum tax provisions of sections 56 and 57 is unconstitutional. Section 56 of the Internal Revenue Code imposes a tax on items of tax preference, as defined in section 57. As amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1553 (hereinafter referred to in text as the 1976 Act), section 56(a) provides: Sec. 56. Imposition of Tax. (a) General Rule.--In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, which respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of-- (1) $ 10,000, or (2) the regular tax deduction for the taxable year (as determined under subsection (c)). [3]
*107 Prior to amendment, the provisions of section 56(a) were somewhat more lenient; the rate of tax was only 10 percent, instead of 15 percent, and the exempt amount provided for in section 56(a)(1) was $ 30,000, rather than $ 10,000. The 1976 Act also amended section 57 by creating a new item of tax preference, "excess itemized deductions." Very generally, excess itemized deductions are the excess of certain itemized deductions over 60 percent of adjusted gross income, with certain reductions in adjusted gross income taken into account. [4] The amount of the net capital gain deduction provided for in section 1202 had been a preference item for individual taxpayers under prior law, and continued to be one after the 1976 Act. The amendments to sections 56 and 57 were signed into law on October 4, 1976, but were made retroactive for all taxable years beginning after December 31, 1975. [5]
Petitioners are husband and wife. At the time their petition was filed, they resided in St. Ignatius, Montana. Petitioners filed a joint Federal *108 income tax return for the calendar year 1976 with the District Director of Internal Revenue, Helena, Montana. That return contained items of tax preference, as defined by the amended section 57, totaling $ 17,000.51. This amount was composed of a capital gains deduction of $ 15,531.80 and excess itemized deductions of $ 1,468.71. The total of petitioners' items of tax preference, as defined by the amended statute, was, therefore, greater than the new $ 10,000 exempt amount. Petitioners did not, however, report any liability for minimum tax. Under prior law, they would, of course, have had no such liability, since their total items of tax preference would have been less than the old $ 30,000 exempt amount.It was stipulated that all transactions giving rise to items of tax preference for petitioners' 1976 taxable year were completed before October 4, 1976. Petitioners make several arguments on constitutional grounds against the retroactive application of the amendments to the minimum tax provisions. Petitioners first contend that the amendments, insofar as they change the tax effect of transactions completed before they were signed into law, constitute an ex post facto law, and, *109 as such, are prohibited by Article 1, Section 9 of the Constitution of the United States. Unfortunately for petitioners, the constitutional prohibition of ex post facto laws applies only to criminal statutes. Johannesson v. United States,225 U.S. 227, 242 (1912); Mathes v. Commissioner, 63 T.C. 642, 644. Petitioners' reliance upon the prohibition is, therefore, misplaced in the present case, where there is no question of criminal liability. Petitioners also argue that the retroactive application of the amendments violates the Due Process Clause of the Fifth Amendment to the Constitution. Insofar as this argument concerns the changes made by the 1976 Act in the rate of tax and the exempt amount provided for in section 56(a), it is refuted by the Supreme Court's recent holding in United States v. Darusmont, 449 U.S. 298 (1981). In holding that the retroactive application of those changes did not violate due process, the Court quoted the remarks of Judge Learned Hand, which are equally apposite here: Nobody has a vested right in the rate of taxation, which may be retroactively changed at the will of Congress at least for periods *110 of less than twelve months; Congress has done so from the outset. * * * The injustice is no greater than if a man chanced to make a profitable sale in the months before the general rates are retroactively changed. Such a one may indeed complain that, could he have foreseen the increase, he would have kept the transaction unliquidated, but it will not avail him; he must be prepared for such possibilities, the system being already in operation. His is a different case from that of one who, when he takes action, has no reason to suppose that any transactions of the sort will be taxed at all. Cohan v. Commissioner, 39 F. 2d 540, 545 (2d Cir. 1930). As noted above, the Darusmont case concerned the changes made in the rate of tax and the exempt amount contained in section 56(a). [6] The item of tax preference involved, the capital gains deduction, was not a new one. The present case is, therefore, not completely controlled by Darusmont, since it involves the additional factor of the creation of a new item of tax preference, excess itemized deductions. *111 Even taking this additional factor into account, however, we find that the retroactive application of the amendments does not violate due process. The power of Congress to enact revenue statutes that are retroactive in their application has long been recognized. Brushaber v. Union Pacific R. Co., 240 U.S. 1, 20 (1916). Furthermore, petitioners cannot claim to have been in the position of the individual spoken of by Judge Hand, who had "no reason to suppose that any transactions of the sort will be taxed at all." The amendments in question emerged through a deliberate legislative process. In 1975, the House of Representatives published a report explaining proposed amendments to the minimum tax provisions, including the addition of excess itemized deductions, defined substantially as they were in the amendment's final form, as a new item of tax preference. The report also announced the intention of the House to make the amendments effective for taxable years beginning after 1975. H. Rept. No. 94-658 (1975), 1976-3 C.B. Vol. 2 822-824. Petitioners' contention that the amendments were enacted "by surprise, without notice" is clearly unfounded. Considering, therefore, *112 the nature of the amendments and the process through which they were enacted, we conclude that their retroactive application was not so harsh and oppressive as to violate the constitutional guarantee of due process. [7]
Finally, petitioners argue that the amendments as retroactively applied constitute a bill of attainder, prohibited by Article 1, Section 9 of the Constitution, and violate the Equal Protection Clause of the Fourteenth Amendment. These arguments are without merit. Accordingly, all of petitioners' arguments on constitutional grounds must be rejected. Three factual issues were raised by the petitioners for the first time at the hearing and were resolved by stipulation between the parties that: 1. Of the total distributions received by petitioners during 1976 as shareholders in the American Electric Power Company, $ 141.80 was not taxable. 2. Petitioners are not entitled to a depreciation deduction for *113 1976 on the road leading to their home and rental property. 3. For 1976, petitioners are entitled to a deduction of $ 50 for depletion of timber owned by them. Since matters outside the pleadings were presented to and considered by the Court, respondent's motion for judgment on the pleadings will be treated as a motion for summary judgment pursuant to Rules 120 and 121, Tax Court Rules of Practice and Procedure. Being so treated, respondent's motion will be granted, since we find that there is no genuine issue as to any material fact and respondent is entitled to judgment as a matter of law. Due to the additional issues resolved by stipulation at the hearing, a Rule 155 computation will be necessary. In accordance with the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Since this is a pre-trial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.
3. The regular tax deduction provided for in section 56(a)(2)↩ is inapplicable in the present case, since it is less than $ 10,000.
4. Section 57(b), Internal Revenue Code of 1954↩. 5. Section 301(g), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1553.↩
6. See also Estate of Kearns v. Commissioner, 73 T.C. 1223 (1980); Buttke v. Commissioner, 72 T.C. 677 (1979), affd. 625 F.2d 202 (8th Cir. 1980)Ledogar v. Commissioner, T.C.Memo. 1981-498; Cook v. Commissioner, T.C.Memo. 1981-488; Hansel v. Commissioner, T.C.Memo. 1981-472; Jarvis v. Commissioner, T.C.Memo. 1981-409↩
7. Accord, Ward v. United States↩,     F.Supp.     (W.D. Okla. 1981), on appeal (10th Cir.), rejecting the taxpayers' challenge on constitutional grounds to the retroactive classification of intnagible drilling costs as an item of tax preference.