565 F.Supp. 41 (1983)
Sue FEIN, Personal Representative of the Estate of Richard Fein, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 82-0458C(3)(WLH).
United States District Court, E.D. Missouri, E.D.
May 31, 1983.
*42 A. Fuller Glaser, Jr., St. Louis, Mo., for plaintiff.
Ludwig H. Adams, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

MEMORANDUM
HUNGATE, District Judge.
Pursuant to the consent order entered February 15, 1983, this case was tried to the Court based on the parties' joint stipulation of facts and documentary exhibits, filed February 8, 1983, and the written memoranda of the parties regarding the legal issues remaining in dispute.
This action was filed to obtain a refund of certain federal estate taxes paid by plaintiff, Sue Fein, as personal representative of the estate of Richard Fein. The matter to be resolved is the proper estate tax treatment of a life insurance policy transferred by the decedent in March, 1977, three months prior to his death.
Having considered the pleadings, exhibits, stipulations, and memoranda of the parties, and being fully advised in the premises, the Court hereby makes and enters the following findings of fact and conclusions of law.

Findings of Fact
1. On October 12, 1976, Richard Fein applied to the New Jersey Life Insurance Company for a life insurance policy.
2. On January 4, 1977, New Jersey Life Insurance Company issued policy no. 129701 (the policy) in the name of Richard Fein. (Stipulation Exh. 1.) The policy provided for a death benefit of $75,000 and had an annual premium of $2,083.75. One annual premium was paid on the policy prior to the decedent's death. Under the terms of the policy, it had no cash surrender value for one year from the date of issue.
3. On February 15, 1977, Richard Fein submitted an Amendment to Application related to the policy, making several changes in factual data and requested coverage, but not changing the ownership of the policy.
4. On March 15, 1977, Richard Fein executed a change of ownership form, transferring all rights, title, and interest in the policy to Sue Fein, his wife. The change of ownership form was received by New Jersey Life Insurance Company on March 21, 1977, and executed by a representative of the company on March 22, 1977. The transfer was made without the payment of consideration in money or money's worth.
5. The evidence failed to establish that anyone other than Richard Fein was the intended owner of the policy from the date of issuance to the time of the transfer of March 15, 1977.
6. On June 13, 1977, Richard Fein died of a heart attack. Plaintiff was appointed executrix (now known in Missouri as personal representative) of decedent's estate.
7. The $75,000 due under the policy was paid to plaintiff.
8. On March 13, 1978, plaintiff timely filed a United States tax return for the estate of Richard Fein, and paid estate tax shown due thereon in the amount of $74,532.90. No part of the death benefit under the policy was included in the decedent's gross estate on the return.
9. Subsequently, an estate tax deficiency of $30,532.89 and interest totalling $4,772.63 was assessed against the estate of Richard Fein. Plaintiff made payments in satisfaction of all assessments.
10. On September 24, 1981, plaintiff timely filed a claim for refund of $11,549.98 in estate tax plus interest reflecting the inclusion of the policy in the decedent's gross estate. No other assessment issues remain in dispute. The Commissioner of Internal Revenue neither allowed nor disallowed the claim for refund.
11. This action was timely filed on March 29, 1982, seeking refund of the $11,549.98 plus interest.

*43 Conclusions of Law

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(a)(1) and this action is properly brought in accordance with 26 U.S.C. §§ 6532(a) and 7422(a).
2. At the time of decedent's death, the Internal Revenue Code provided that:
The value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.
26 U.S.C. § 2031(a).
3. As enacted (and effective at the time of decedent's demise) in the Tax Reform Act of 1976, P.L. 94-455, Section 2001(a)(5) amended Internal Revenue Code § 2035 to provide as follows:
(a) Inclusion of gifts made by decedent. Except as provided in subsection (b), the value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, during the 3-year period ending on the date of the decedent's death.
(b) Exceptions. Subsection (a) shall not apply to 
(1) any bona fide sale for an adequate and full consideration in money or money's worth, and
(2) any gift excludable in computing taxable gifts by reason of section 2503(b) (relating to $3,000 annual exclusion for purposes of the gift tax) determined without regard to section 2513(a).
4. Section 702(f) of Public Law 95-600, otherwise known as the Revenue Act of 1978, approved November 6, 1978, amended subsection 2035(b) as follows:
(b) Exceptions. Subsection (a) shall not apply 
(1) to any bona fide sale for an adequate and full consideration in money or money's worth, and
(2) to any gift to a donee made during a calendar year if the decedent was not required by section 6019 to file any gift tax return for such year with respect to gifts to such donee. Paragraph (2) shall not apply to any transfer with respect to a life insurance policy.

(emphasis added.) 92 Stat. 2930.
5. The effective date for the amendment provided under section 702(f)(2) specified that the 1978 version of § 2035(b)(2) "shall apply to the estates of decedents dying after December 31, 1976, except that it shall not apply to transfers made before January 1, 1977." 92 Stat. 2930. Therefore, the amended version of § 2035(b)(2) was expressly made retroactive with regard to transfers of life insurance policies occurring on or after January 1, 1977. See Estate of Ceppi v. Commissioner of Internal Revenue, 698 F.2d 17, 18 (1st Cir.1983).
6. The taxation of gifts made prior to death through their inclusion in the value of a decedent's gross estate is not an unconstitutional violation of due process of law simply by virtue of the fact that liability is retroactively imposed. Milliken v. United States, 283 U.S. 15, 21-22, 51 S.Ct. 324, 326-27, 75 L.Ed. 809 (1931).
7. The practical concern of the donor or taxpayer is with the amount of taxes due. Therefore, an increase in the tax base has the same effect as an increase in tax rate. Estate of Ceppi v. Commissioner of Internal Revenue, supra at 21. The specific inclusion of the policy required under the 1978 amendments to § 2035(b)(2) increased the tax base by inclusion in the gross estate of Richard Fein.
8. Where a tax is imposed through enactment of provisions which merely change the rate of an existing tax or the base from which it is determined, rather than imposing a new, separate and distinct type of tax, its retroactive application is constitutionally permissible. Westwick v. Commissioner of Internal Revenue, 636 F.2d 291, 292 (10th Cir.1980); Buttke v. Commissioner of Internal Revenue, 625 F.2d 202, 203 (8th Cir.1980); Sidney v. Commissioner of Internal Revenue, 273 F.2d 928, 932 (2d Cir.1960).
*44 9. Retroactive imposition of the tax in question was neither arbitrary, harsh, nor oppressive. The 1978 amendments to § 2035(b)(2) did not impose a wholly new tax with respect to which plaintiff would have had no reason to suppose that any transaction of the sort here concerned would be taxed at all. See United States v. Darusmont, 449 U.S. 292, 296-301, 101 S.Ct. 549, 551-54, 66 L.Ed.2d 513 (1981); Cohan v. Commissioner of Internal Revenue, 39 F.2d 540, 545 (2d Cir.1930); see also Estate of Ceppi v. Commissioner of Internal Revenue, supra at 20-22.
10. The policy was properly included in the value of the gross estate of Richard Fein for federal estate tax purposes. 26 U.S.C. § 2035(b)(2), as amended (1978).
11. For purposes of inclusion in the gross estate under § 2035, the value of the policy was $75,000. 26 U.S.C. § 2031(a); 26 C.F.R. §§ 20.2031-1(a), 20.2031-1(b), 20.2035-1(e); First National Bank of Oregon v. United States, 488 F.2d 575, 577-78 (9th Cir.1973).
Accordingly, judgment will be entered in favor of defendant and against plaintiff.